IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELEENA MARIE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 21-4040-JWL |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

Plaintiff filed this action pro se[2] on June 16, 2021 seeking judicial review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) benefits under sections 216(i), 223, 1602, and 1614, Title II and Title XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c (hereinafter the Act). (Doc. 1).   The Commissioner filed her answer and the Social Security Administrative

---

[1] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.   In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

[2] Because she appears pro se, the court construes Plaintiff's pleadings and briefs liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for her. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Record on September 14, 2021. (Docs. 8, 9). Plaintiff did not file her Social Security Brief when it was due in accordance with Rule 83.7.1(d) of the Local Rules. The court assumed this was because Plaintiff is pro se and issued a Scheduling Oder informing her of this responsibility, pointing her to the court's Local Rules, and ordering her to file her Brief or request an extension of time to do so no later than November 29, 2021. (Doc. 10).

Plaintiff did not respond to the court's Scheduling Order and on December 9, 2021 the court issued an Order to Show Cause why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41b and Rule 41.1 of the Local Rules for failure to prosecute this case and for failure to obey the order of this court. (Doc. 11). It is now a week after the deadline and Plaintiff has not responded to the court's Order to Show Cause.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." Id. (quotation omitted). In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and

(5) whether a lesser sanction would be effective.  Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)).  "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."  Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered some prejudice by Plaintiff's failure to actively prosecute this case.  The Commissioner has invested time and effort into researching and preparing an answer in this case and into preparing the administrative record and converting it into a format which is compatible with filing in the court's electronic case filing system.  Moreover, the Commissioner has been deprived of the opportunity to finish this case while waiting for Plaintiff to respond.

The second factor also somewhat supports dismissal of this action.  The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process.  The court has invested time and effort into shepherding this case through the briefing process laid out in Local Rule 83.7.1, without success.  Plaintiff's lack of responses so far indicates that no amount of time will result in production of a Social Security Brief stating her position on the Commissioner's decision of her case.

This leads to consideration of the third factor which focuses on the plaintiff's culpability.  The third factor more heavily weighs in favor of dismissal.  As is more fully laid out above, Plaintiff has failed to prepare and file a Social Security Brief since

the Commissioner filed her answer and the administrative record on September 14, 2021. Plaintiff has not responded to any of the deadlines or orders issued by the court.

The fourth factor is also satisfied. The court's latest "Order to Show Cause" specifically warned Plaintiff that her failure to respond could result in dismissal of her case. (Doc. 11).

Finally, the court considers the efficacy of lesser sanctions. Here, the court has granted Plaintiff leniency in light of her status as a pro se litigant. It has repeatedly directed Plaintiff to the applicable portions of the Local Rules governing the preparation and submission of briefs in Social Security cases—all to no avail. Moreover, the court has been unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of the case. After carefully reviewing the record before the court and the history of this case, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five Ehrenhaus factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. Defendants have suffered prejudice by virtue of having devoted resources to preparing and filing an answer and the administrative record in this case, and monitoring the orders entered by the court in its attempts to secure prosecution of the case. Meanwhile, this case is interfering with the judicial process because it continues to linger on the court's docket without any meaningful progress toward resolution. Plaintiff's culpability for this predicament is high, as she has been made aware of her obligation to prepare a brief.

And the court forewarned plaintiff that her failure to respond could result in dismissal yet she has not done so.   At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

Dated this 19th day of January 2022, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**